Joseph L. **MILLS**, Plaintiff and Respondent,

v.

C. N. **OTTOSEN**, Commissioner of Insurance, and the State of Utah, by and through its Insurance Department, Defendants and Appellants.

No. 14496.

Supreme Court of Utah.

March 10, 1977.

---

3.  *Moran v. State ex rel. Derryberry*, Okl., 534 P.2d 1282 (1975).

4.  *Tolman v. Salt Lake County*, 20 Utah 2d 310, 437 P.2d 442 (1968).

Vernon B. Romney, Atty. Gen., William G. Gibbs, of Clyde & Pratt, Salt Lake City, for defendants-appellants.

Grant MacFarlane, Jr., Salt Lake City, for plaintiff-respondent.

WILKINS, Justice.

On October 28, 1975, the Commissioner of Insurance issued an order revoking petitioner's licenses to act as an insurance agent and broker. On appeal, which was a hearing de novo on January 29, 1976, the District Court held:

. . . that there may have been a breach of the insurance laws on the part of the (petitioner) and that under the circumstances which existed at the time of the revocation the Insurance Commissioner was justified in the action which he took. But . . . the evidence indicates that the (petitioner) has been sufficiently punished by his suspension, although temporary in nature, and that to make the (petitioner) suffer any longer would be an injustice to him. . . .

The licenses were reinstated by the District Court and the Commission appeals.

The problem arose when one H. Shirl Wright and Commercial Enterprises, Inc., property owners, contracted with Riddco, Inc., a Building contractor, for a general construction project, known as Garden Square Project. Because Wright was also a stockholder and principal of the contractor, Riddco, there was no requirement for a performance bond. However, when interim financing was arranged, through Valley Mortgage Company, that company required the owners to post a performance bond in the amount of $1,000,000. To assist in obtaining this bond, Riddco's Vice President, one Larry Bradshaw, contacted petitioner who was associated with Mills Gundry and Associates, Inc., an insurance agency. After failing to obtain a bond on the project, petitioner agreed to sign the bond if the Valley Mortgage would accept his signature. He signed it as "Mills Gundry Insurance Agency by Joseph L. Mills, surety." Petitioner delivered a blank form of a performance bond to Bradshaw, who was to fill in said form to meet Riddco's requirements. The completed form was given to Wright, who in turn submitted it to Valley Mortgage. Valley Mortgage rejected the performance bond but later waived its requirement for this bond.

When the matter came to the attention of the Insurance Commissioner, an investigation was commenced and a hearing was held. It is agreed that neither petitioner nor Mills-Gundry had authority to be surety on such a bond. The Commission concluded that there had been violations of the insurance laws, viz., sections 31–17–50(b)(h)(i) and 31–27–6, Utah Code Annotated (1953), and that Mills' licenses should be revoked with no consideration for relicensing for eighteen months. On appeal, the District Court reinstated Mills' licenses, although conceding Mills may have violated Utah insurance laws.

In the appeal to this court, the Insurance Commissioner claims that petitioner's violations of the Insurance Code were serious enough to warrant revocation of his licenses, and that the District Court abused its discretion in reinstating them. In this matter, Valley Mortgage did not accept the bond and knew there was no insurance company or proper surety on the bond. Section 31–4–14, Utah Code Ann. (1953), expressly authorizes the District Court to reinstate insurance licenses "if it deems the suspension or revocation too severe a penalty under the facts as found.".

Affirmed. No costs awarded.

ELLETT, C. J., CROCKETT and MAUGHAN, JJ., and VeNOY CHRISTOFFERSEN, District Judge, concur.

HALL, J., does not participate herein.